**Raymond Lee STEWART,
Petitioner–Appellant,**

v.

**Michael LANE, Director, Illinois Department of Corrections; and Howard Peters, Warden, Respondents–Appellees.**

No. 93–2586.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 1, 1995.

Decided Dec. 4, 1995.

Joshua Sachs, Chicago, IL, for Petitioner–Appellant.

Rita M. Novak, Office of the Attorney General and Steven J. Zick, Office of the Attorney General, Criminal Appeals Division, Chicago, IL, for Respondents–Appellees.

Before COFFEY, FLAUM, and RIPPLE, Circuit Judges.

PER CURIAM.

On July 13, 1995 we issued an opinion affirming the district court's denial of Raymond Lee Stewart's petition for a writ of habeas corpus. Stewart now petitions for a rehearing regarding this affirmance. Finding no issues that merit reconsideration of our decision, we deny his petition for rehearing.

We do, however, wish to supplement Section III of our earlier opinion, *Stewart v. Lane*, 60 F.3d 296, 303–04 (7th Cir.1995), in order to further address some of the issues emphasized in Stewart's petition for rehearing. We assume familiarity with the contents of our earlier opinion.

Stewart has been convicted and sentenced to death in two separate trials for three murders. One trial involved the murders of Willie Fredd and Albert Pearson; the other involved the murder of Kevin Kaiser. In his appeal to this court, Stewart argued that the *combination* of two statements during the Fredd/Pearson trial misled the jury regarding Stewart's potential sentence if the death penalty was not imposed. Stewart points to the prosecutor's statement that the jury should do "everything in [its] power to make sure that this defendant doesn't get out, be released and kill another innocent victim." He likewise points to the court's instruction that if the death penalty was not imposed, the court would sentence the defendant to a term of imprisonment. Stewart argues that

together these two statements wrongly suggested to the jury that if the death penalty was not imposed, the court could impose a lesser sentence than the statutorily mandated alternative of life imprisonment without parole. *See* 730 ILCS 5/5–8–1 (formerly Ill. Rev.Stat., Ch. 38, § 1005–8–1(a)(1)(c).

■ As we noted in our earlier opinion, however, a trial court's failure to specifically note that the alternative to the death penalty was imprisonment for natural life was not error at the time of the Fredd/Pearson and Kaiser trials. 60 F.3d at 302 (citing *California v. Ramos*, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983) and *People v. Albanese*, 102 Ill.2d 54, 79 Ill.Dec. 608, 621–22, 464 N.E.2d 206, 219–20 (1984)). We also noted in our earlier opinion that Stewart has waived any objection to the prosecutor's remark by not raising it at trial or on direct appeal. *Id.* at 303. Since the instruction was not error and any objection to the prosecutor's remark has been waived, these statements, even taken together, cannot support a finding that the Fredd/Pearson jury was misled.

Stewart further argues that a number of statements in the Kaiser trial together wrongly implied to that sentencing jury that Stewart could be sentenced to something other than natural life if the death penalty was not imposed. Stewart points to 1) the trial judge's instruction and voir dire comments that if the death penalty was not imposed, a term of imprisonment would be ordered (without specifying that it would be life without parole); 2) comments by the prosecutor and a jury instruction regarding Stewart's rehabilitative potential; and 3) a colloquy begun by a misleading statement by defense counsel.[1]

■ Once again, the trial court's failure to clarify that natural life was the only alternative sentence to the death penalty was not error at the time. As for the comments regarding rehabilitation, the Illinois Supreme Court correctly found, on Stewart's direct appeal, that Stewart waived any objection to references to rehabilitation when he put on defense witnesses who testified regarding rehabilitative potential and his counsel commented on rehabilitative potential during closing argument and offered jury instructions containing rehabilitative potential as a mitigating factor. *People v. Stewart*, 104 Ill.2d 463, 85 Ill.Dec. 422, 437, 473 N.E.2d 1227, 1242 (1984).[2] Regarding the colloquy during the defense's closing argument, neither the prosecutor's objection nor the court's response misstated the law of sentencing to the jury. In fact, it was the defense counsel's own remark that incorrectly stated that the *jury* could impose a sentence other than the death penalty (since the judge would impose any alternative penalty) and implied that a sentence other than life without parole could be given (by saying that the judge would "probably" impose life without parole if the jury found the death penalty inappropriate). The prosecutor appropriately objected to defense counsel's improper statement of the law; and the court rightly sustained the objection. The court correctly noted that the jury was not to concern itself with any sentence other than the death penalty. Thus we agree with the Illinois Supreme Court, which found that the court did not err and noted that the court later instructed the jury again that its only duty was to choose whether the death penalty should be applied. *Id.*, 85 Ill.Dec. at 436–37, 473 N.E.2d at 1241–42.

1. The colloquy began during the defense's closing argument and occurred as follows:

[Mr. Berry—defense counsel]: You will be instructed on the death penalty phase and you will see in one of the instructions that if you find any mitigating factor then you may impose a sentence other than the death penalty and the judge would probably impose life without parole.

[Mr. Koski—state's attorney]: Objection, that improperly states the law.
[The Court]: Objection sustained. The sentence other than the death penalty is of no concern to this jury.

2. The state of the law at the time made it unlikely that such a claim could have succeeded even if properly raised. *See People v. Albanese,* 102

While Stewart may have preferred, and current law requires,[3] that the court affirmatively inform the jury that life without parole was the only alternative to the death penalty, the prosecutor and the court did not misinform the jury and acted appropriately to correct the misstatement of Stewart's own counsel. Based on the law in effect at the time of the Kaiser trial, the prosecutor and the court did not mislead the jury.

For the foregoing reasons we DENY Stewart's petition for rehearing.

Ill.2d 54, 79 Ill.Dec. 608, 620, 464 N.E.2d 206, 218 (1984).

**3.** As we emphasized in our earlier opinion, the Supreme Court has since held that where a defendant's future dangerousness is at issue, and state law prohibits future release on parole, the sentencing jury must be informed that the defendant is parole ineligible. *Simmons v. South Carolina,* —— U.S. ——, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994). We found in our earlier opinion that because this was a "new rule," it does not apply retroactively to habeas corpus petitions. *Stewart,* 60 F.3d at 299–302.