85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jason E. MORALES, Petitioner-Appellant,
v.
Herb NEWKIRK, Superintendent of the Maximum Control Complex,
et al., Respondents-Appellees.
 No. 95-3943.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 10, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Jason Morales seeks review of the prison disciplinary proceeding against him under habeas corpus law. See 28 U.S.C. § 2254. Morales was charged with four separate rule violations: assaulting a correctional officer by kicking the officer in the face, possessing a deadly weapon (a handle-shaped rod broken off a bed frame, approximately twelve inches in length and sharpened at one end, was discovered in his cell), destruction of state property (Morales had used the rod to chip away the mortar between the bricks of his cell), and attempted escape (by loosening the bricks where the mortar had been removed). The Conduct Adjustment Board (CAB) found him guilty and sanctioned him to one year of disciplinary segregation and 48 days lost good time credit for the battery charge, one year disciplinary segregation and 100 days lost good time credit for the weapons charge, $88 and other expenses as restitution for the destruction of property charge, and two years disciplinary segregation and 150 days lost good time credit for the escape charge.[1]
 
 
 2
 On appeal, Morales first argues that the reinstatement of the disciplinary charges after they were dismissed for failure to hold a timely hearing violated the Double Jeopardy Clause. This claim is without merit. The Fifth Amendment's Double Jeopardy Clause, applicable to the states via the Fourteenth Amendment, "protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440 (1989). Prison discipline, however, does not constitute "prosecution" or "punishment" for double jeopardy purposes, even when the disciplinary sanction delays the inmate's release from incarceration by depriving him of good time credits. Meeks v. McBride, No. 95-2014, slip op. at * 9-10 (April 17, 1996); Garrity v. Fielder, 41 F.3d 1150, 1152-53 (7th Cir.1994), cert. denied, 115 S.Ct. 1420 (1995).
 
 
 3
 Morales next argues that his right to due process was violated because the disciplinary proceeding was not held within seven days as required by Indiana regulations. However, a violation of a state regulation does not necessarily implicate a federal liberty interest. Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475 (1991); Stewart v. Lane, 60 F.3d 296, 302 (7th Cir.), opinion supplemented on denial of rehearing, 70 F.3d 955 (7th Cir.1995), cert. filed, (Jan. 16, 1996) (No. 95-7444); see also Alvarez v. McGinnis, 4 F.3d 531, 536 (7th Cir.1993) (state law errors provide no basis for relief on habeas). Rather, a federally protected liberty interest is infringed only if the segregation constitutes an atypical or significant hardship under Sandin. Sandin v. Conner, 115 S.Ct. 2293, 2298-2300 (1995); see also Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 870 (1983) (an inmate can reasonably expect to receive administrative segregation at some point in their incarceration). Morales filed his complaint prior to the announcement of Sandin, therefore we cannot require him to have pleaded that the conditions of his confinement constituted an atypical or significant hardship. Whitford v. Boglino, 63 F.3d 527 (7th Cir.1995). Nonetheless, even if he demonstrated a liberty interest, he cannot show a due process violation. Seventeen days in administrative segregation awaiting a disciplinary hearing is not an unreasonable delay such that the Due Process Clause is violated. See Hewitt, 459 U.S. at 477 n. 8, 103 S.Ct. at 874 n. 8 (when a prisoner is placed in administrative segregation pending the disciplinary hearing, that hearing must occur within a "reasonable" time); cf. Childs v. Pellegrin, 822 F.2d 1382, 1388 (6th Cir.1987) (meaningful review 14 days after segregation and further two months in segregation while warden reviewed the evidence held not an unreasonable delay, but circumstances following two month delay violated the Due Process Clause); Sourbeer v. Robinson, 791 F.2d 1094, 1099-1100 (3d Cir.1986) (35 day in segregation not an unreasonable delay), cert. denied, 483 U.S. 1032 (1987). Therefore, Morales' claim fails.
 
 
 4
 Morales also suggests that the disciplinary proceeding violated the Equal Protection Clause. The Equal Protection Clause forbids the state from treating one group of persons, including groups of inmates in a prison, arbitrarily worse than another. Anderson v. Romero, 72 F.3d 518, 526 (7th Cir.1995). Morales failed to allege, however, that he is a member of a protected class or group of persons, and that the prison's actions discriminated against him because of his membership in that group. Therefore we find no equal protection violation.
 
 
 5
 Finally, Morales argues that the district court violated Fed.R.Civ.P. 52(a) by insufficiently articulating its finding of facts. The pertinent facts in this case were not in dispute. Fed.R.Civ.P. 52 does not apply to this case because the district court dismissed Morales' complaint. Rule 52 applies only to bench trials. See Fed.R.Civ.P. 52, Notes of Advisory Committee on Rules Adoption.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On April 24, 1996, while this case was pending on appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996." Pub.L. No. 104-132, 110 Stat. 1214. Title I of this Act significantly curtails the scope of federal habeas corpus review. We need not decide in this case to what extent these amendments apply to habeas petitions pending when the Act was signed into law because, even under the more expansive scope of review permitted prior to the Act, the Appellant in this case would not have been entitled to federal habeas corpus relief